IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KENNY NOLLEY                                                                                      PLAINTIFF

v.                                                        Civil Action No.: 3:16-cv-00122-MPM-JMV

ROBIN C. LITTLEJOHN, et al.                                                             DEFENDANTS

**ORDER**

This cause comes before the Court on plaintiff Kenny Nolley's ("Nolley") *Motion to Remand* [19].  This case began as a simple negligence action arising from an automobile accident between Nolley and Robin Littlejohn ("Littlejohn").  However, the scope of the litigation has since grown, and the parties have succeeded in making the action much more complicated through procedural maneuvers in both state and federal court.  Nevertheless, the Court has considered the parties' submissions, along with relevant case law and evidence, and is now prepared to rule.

**I.      Factual and Procedural Background**

On March 6, 2013, Kenny Nolley and Robin Littlejohn were involved in an automobile accident on Highway 15 in Union County, Mississippi, when Littlejohn "slammed into the rear of [Nolley's] vehicle."  At the time of the accident, Littlejohn was insured by Viking Insurance Company of Wisconsin ("Viking"), and Nolley was insured by GuideOne Mutual Insurance Company ("GuideOne").

On September 11, 2015, Nolley filed suit against Littlejohn in the Circuit Court of Union County, Mississippi, asserting causes of action for negligence and negligence per se.  Importantly, at the time he initially filed the case, Nolley did not name Viking or GuideOne as defendants in the action.  Upon Littlejohn's failure to appear or respond in that action, an entry

1

of default was entered against her. Thereafter, on November 19, 2015, the circuit court held a hearing as to the proper amount of damages to be assessed. Although Littlejohn was provided notice of the hearing, she failed to appear. After the hearing, the circuit court issued a default judgment against Littlejohn "for the principal and prejudgment interest, in the sum of $150,000.00, plus interest at the rate of 8% annually from the entering of this judgment, plus attorney's fees of $150,000.00, and all costs of this cause expended."

Shortly thereafter, Littlejohn obtained counsel who immediately entered an appearance and filed a motion to set aside the entry of default and default judgment. In that motion, Littlejohn argues that the judgment should be set aside because it is not supported by credible evidence. Littlejohn emphasizes that Nolley's damage evaluation sheet, which was introduced at the hearing, shows "that he only incurred approximately $4,200.00 in medical expenses and a vast majority of that amount was chiropractic care." Littlejohn also highlights that "[Nolley's] Motion for Default Judgment only sought damages in the amount of $33,493.00 plus interest." Littlejohn additionally asserts that the circuit court's award of $150,000.00 for attorney's fees is grossly excessive, as Nolley only sought $8,333.00 in attorney's fees and the transcript from the hearing lacks any testimony whatsoever as to the fees actually incurred. Littlejohn also highlights the fact that, prior to filing suit, Nolley's counsel had been in contact with Viking— Littlejohn's insurer—concerning the claim. Littlejohn avers that since Nolley's counsel had been in contact with Viking, he should have provided the company with a "courtesy copy of the Complaint" instead of obtaining a default judgment against Littlejohn without Viking's knowledge of the suit.

While Littlejohn's motion was pending, Viking filed a separate action against Littlejohn and Nolley in the Chancery Court of Union County, Mississippi, on January 11, 2016. In that

action, Viking sought a declaratory judgment regarding its rights and obligations in regard to the default judgment "due to [Littlejohn's] material breach of the insurance policy's provision requiring the immediate notification of suit and any notification of subsequent relevant pleadings." Viking also sought a declaration relieving it of any obligation to pay Nolley under the judgment "as a consequence of his failure to notify [Viking] of his efforts and attempt to secure a Default Judgment against Littlejohn . . ."

Returning to the original circuit court action, a hearing on Littlejohn's motion to set aside the default judgment was held on April 18, 2016. According to Nolley, Judge Kelly Luther—the circuit court judge— orally "den[ied] the motion in part and allow[ed] liability to stand, while granting the motion in part and requiring a trial on damages." However, an order to that effect was not entered on the circuit court's docket. In fact, an order was never entered on the court's docket reflecting Judge Luther's purported oral ruling.

On May 25, 2016, Nolley filed an amended complaint, adding Viking and GuideOne— his insurer—as parties to the action. In the amended complaint, he requests a "declaration of rights and coverage as to Defendants Viking Insurance Company and GuideOne Mutual Insurance Company[.]" He asserts that Viking should be forced to pay the limit of its policy with Littlejohn and that GuideOne should be held liable for the remaining amount of the judgment under the underinsured motorist portion of his policy. Nolley also repeated verbatim his claims against Littlejohn.[1]

---

[1] The Court notes that Viking has filed a separate motion to dismiss, arguing that, in filing his amended complaint, Nolley incorrectly referred to it as "Sentry Insurance Group d/b/a Viking Insurance Company of Wisconsin." Specifically, in its motion, Viking asserts that it "is not a 'd/b/a' of Sentry Insurance Group." Rather, it states that "Viking is a wholly owned subsidiary of Sentry Insurance, a Mutual company." The Court will take up the motion concerning that issue in due course; however, for the purposes of this motion, the Court will simply refer to the company as "Viking."

Thereafter, on June 23, 2016, GuideOne removed the action to this Court, asserting diversity jurisdiction as the basis for this Court's jurisdiction over the case. It is undisputed that both Nolley and Littlejohn are Mississippi citizens and that both Viking and GuideOne are foreign citizens for jurisdictional purposes. Due to the appearance that complete diversity was clearly lacking because both Nolley and Littlejohn are Mississippi citizens, this Court issued a show cause order, instructing GuideOne to explain why the case should not be remanded due to lack of complete diversity. In its response to the Court's order, GuideOne asserted that "[p]er Fifth Circuit legal authority, Robin Littlejohn, as [an] in-state tortfeasor, does not defeat diversity jurisdiction where Kenny Nolley has already obtained a $300,000 default judgment against Littlejohn. Therefore the Mississippi citizenship of Littlejohn should be disregarded for [diversity of citizenship analysis purposes]." Thus, GuideOne's argument hinges on the fact that the default judgment Nolley obtained against Littlejohn is still binding due to the fact that the circuit court never entered an order on its docket setting aside the judgment as to damages.

In response to GuideOne's arguments, Nolley asserts that an order setting aside the default as to damages "was circulating but had not yet been forwarded to Judge Luther for his signature. The reason for this was a discussion taking place amongst counsel concerning the possibility of allowing the entire default to be set aside in exchange for Viking agreeing to provide coverage for any liability that was determined through a hearing of this matter." However, he argues that the oral ruling setting aside the judgment was nevertheless binding and that the default judgment is thus no longer valid.

On July 20, 2016, Nolley filed the present motion to remand. In his motion, he makes largely the same assertions—namely, that the default judgment is no longer valid because Judge Luther orally ordered that the default judgment be set aside as to damages and simply failed to

4

enter an order to that effect due to a potential agreement between the parties to set aside the entire judgment. Therefore, Nolley asserts that the default judgment was set aside and his citizenship should therefore be considered in this Court's jurisdictional analysis, destroying complete diversity and making remand proper. GuideOne responded in opposition, asserting that the state court default judgment remains valid due to the fact that no order setting it aside was entered on the docket and, thus, that Nolley's citizenship should be disregarded according to Fifth Circuit precedent.

Upon due consideration of the submissions of the parties, relevant authorities, and evidence, the Court finds that Nolley's motion should be denied.

## II. Remand Standard

"[F]ederal courts are courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Upon removal, a plaintiff may move to remand the action to state court, and "[i]f it appears that the district courts lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872,

5

85 L.Ed. 1214 (1941)). Moreover, "[a]ny ambiguities are construed against removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Furthermore, "[t]he removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

### III.    Discussion

Applying this standard, as the removing party, GuideOne bears the burden of establishing federal jurisdiction. In its notice of removal, GuideOne stated that diversity jurisdiction provides the basis for this Court's jurisdiction. Thus, the Court begins its analysis with 28 U.S.C. § 1332—the diversity jurisdiction statute. In pertinent part, it provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- citizens of different states . . ."

28 U.S.C. § 1332 (a)(1). Moreover, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants[.]" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).

In the case at bar, because the amount in controversy requirement is undoubtedly satisfied, the critical inquiry is whether complete diversity exists. As previously stated, it is undisputed that while Viking and GuideOne are both foreign citizens, both Nolley and Littlejohn are Mississippi citizens. Therefore, upon first glance, it appears that complete diversity is lacking. However, GuideOne argues that because Nolley secured a default judgment against Littlejohn in state court—and that judgment is still binding—Fifth Circuit precedent requires that

the Court disregard Littlejohn's citizenship for diversity purposes. In opposition, Nolley argues that the default judgment was set aside by Judge Luther, making his citizenship relevant to the diversity jurisdiction analysis and destroying complete diversity.

In this Court's view, there are two crucial questions that it must decide: (1) the effect of Judge Luther's purported oral ruling which has never been reduced to a written order and (2) if the Court finds that the default judgment remains valid, the effect of a default judgment on the improper joinder analysis.

Regarding the effect of the purported oral ruling, the Court notes that although Nolley's amended state court complaint alleged that Judge Luther orally "den[ied] the motion [to set aside the default judgment] in part and allow[ed] liability to stand, while granting the motion in part and requiring a trial on damages[,]" Nolley has failed to provide the Court with a copy of the transcript from the hearing. Moreover, it is undisputed that a written order setting aside the default judgment was never entered on the circuit court docket.

The Court notes that "[a] case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters, Etc.*, 415 U.S. 423, 435-36, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)). "For instance, if the notice of appeal was adequate in the state court system, it should be deemed adequate when it enters the federal courts, regardless of whether the state technical requirements for notice of appeal differ from the federal." *Id.*

In the case at bar, the Court finds that, at the time the case was removed from state court, the default judgment was still valid and binding because Judge Luther's oral ruling alone, without a written order, was not a final judgment. Rule 58 of the Mississippi Rules of Civil

7

Procedure provides that "[a] judgment shall be effective *only* when entered as provided in M.R.C.P. 79(a)." MISS. R. CIV. P. 58 (emphasis added). And Rule 79(a) provides:

> The clerk shall keep a book known as the "general docket" of such form and style as is required by law and shall enter therein each civil action to which these rules are made applicable. The file number of each action shall be noted on each page of the docket whereon an entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, order, verdicts, and judgment shall be noted in this general docket on the page assigned to the action and shall be marked with its file number.

MISS. R. CIV. P. 79(a). Thus, reading these rules together, a judgment becomes effective only when it is entered in the general docket. Moreover, the Court notes that the Mississippi Supreme Court has held that "[t]hough previously a circuit judge could render a binding oral judgment at a trial conclusion, the Court later made the rule uniform, finding that the 'date of rendition of the judgment of the circuit court in term time, as well as in vacation, is *the date when the judgment is signed by the judge and filed with the clerk for entry on the minutes*.'" *Banks v. Banks*, 511 So.2d 933, 934-35 (Miss. 1987) (quoting *Jackson v. Schwartz*, 240 So.2d 60, 61-62 (Miss. 1970)) (emphasis added) (additional internal citations omitted); *see also Cleveland Nursing Rehab., LLC v. Estate of Gully*, __ So.3d __, 2016 WL 6125438, at *4 (Miss. 2016) (holding that circuit court did not err in finding that there was no final judgment when judgment had not been entered in compliance with Rule 79(a)). Here, it is undisputed that a written order setting aside the default judgment was never entered, as shown by the absence of such an entry on the copy of the circuit court docket provided to the Court. Therefore, relying on the aforementioned precedent, the Court finds that Judge Luther's purported oral ruling partially setting aside the

default judgment was not a final judgment. Thus, the default judgment was not set aside and remains in effect.[2]

Having held that the default judgment remains valid, the Court now turns to the effect of that judgment on the diversity jurisdiction analysis. Again, GuideOne asserts that because Nolley has secured a default judgment against Littlejohn, her citizenship should be disregarded due to improper joinder.

The Fifth Circuit has held that a removing party can establish improper joinder—making it appropriate to disregard the improperly joined party's citizenship for diversity purposes—in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.2d 644, 646-47 (5th Cir. 2003)). Here, GuideOne argues that the second option is satisfied because Nolley cannot establish a cause of action against Littlejohn because he has already secured a default judgment against her for the same claims. Under the second method of establishing fraudulent joinder, "we must determine whether there is *any reasonable basis* for predicting that [Nolley] might be able to establish [Littlejohn's] liability on the pleaded claims in state court." *Travis*, 326 F.3d 644, 647 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)) (emphasis previously added).

The Fifth Circuit considered the fraudulent joinder issue in the default judgment context in *Bolden v. Brooks*, 138 F. App'x 601 (5th Cir. 2005). There, the plaintiffs, Artis and Marilyn Bolden ("the Boldens") and Frank Brooks ("Brooks") were involved in an automobile accident,

---

[2] The Court notes that the result would be the same under Rule 58 the Federal Rules of Civil Procedure, which states that a judgment's time of entry is "when the judgment is entered in the civil docket[.]" FED. R. CIV. P. 58(c).

which was allegedly caused by Brooks' negligence. *Id.* at 602. It was undisputed that the Boldens and Brooks were Mississippi citizens. *Id.* Because Brooks was an uninsured motorist, the Boldens attempted to recover from their insurance company, Nationwide Mutual Insurance Company ("Nationwide"), under the uninsured motorist coverage portion of their policy. *Id.* Unable to reach an agreement with Nationwide, the Boldens sued Brooks in state court for negligence and loss of consortium. *Id.* After Brooks failed to respond, the state court entered a default judgment against him, awarding $500,000 in compensatory damages and $500,000 in punitive damages to the Boldens. *Id.* After Nationwide still refused to pay the Boldens, arguing that it was not bound by the judgment, the Boldens "filed an amended complaint in Mississippi court, repeating the negligence claim against Brooks verbatim and adding as defendants Nationwide and several Nationwide agents, all of whom were Mississippi residents." *Id.* at 603. Nationwide then removed the case to the United States District Court for the Southern District of Mississippi, arguing that Brooks and the Nationwide agents were fraudulently joined and, thus, diversity jurisdiction was proper. *Id.* Ruling upon the Boldens' motion to remand, the district court held that Brooks was fraudulently joined and denied their request, finding that "no reasonable basis existed to predict the Boldens might recover against Brooks because they had previously stated the same claim against him and recovered an award of damages, and a valid, final judgment was entered on that claim." *Id.*[3] The case was later dismissed on summary judgment and the Boldens appealed, among other things, the district court's denial of their remand motion. *Id.*

On review, the Fifth Circuit affirmed the district court's denial of the remand motion, holding that because the Boldens had already obtained a default judgment against Brooks on the

---

[3] The district court also held that the Nationwide agents were fraudulently joined; however, that analysis is not relevant to the motion presently before this Court.

same claims, there was no reasonable basis upon which the Boldens would be able to establish a claim against Brooks. *Id.* Specifically, the Fifth Circuit held that "we agreed with the district court's determination that the Boldens cannot state cognizable claims against Brooks. . . The judgment against Brooks was a valid, final judgment under Mississippi law, and is thus res judicata against the amended complaint that is not altered as to Brooks." *Id.*

Due to the strikingly similar facts of the case at bar and *Bolden*, the Court finds that the *Bolden* court's reasoning should be applied here. That is, because Nolley has already obtained a default judgment against Littlejohn, which currently remains in effect, and his amended complaint recites the exact same claims against Littlejohn, the Court finds that there is no reasonable basis to predict that Nolley could recover against Littlejohn, as the claims are subject to res judicata. The Court thus finds that Littlejohn was improperly joined in this matter and that her citizenship should be disregarded for diversity jurisdiction purposes. Accordingly, the complete diversity requirement is satisfied and, as a result, Nolley's motion to remand should be denied.

## IV. Conclusion

For the foregoing reasons, the Court finds that Nolley's motion is not well taken. Accordingly, it is hereby, ORDERED that Nolley's *Motion to Remand* [19] is DENIED.

SO ORDERED, this the 9th day of January, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**